ALSCHULER GROSSMAN STEIN & KAHAN LLP
Andrew F. Kim (No. 156533)
Matthew L. Nelson (No. 205372)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060
Telephone: 310-907-1000
Facsimile: 310-907-2000

DUVIN, CAHN & HUTTON
Lee J. Hutton (*Pro Hac Vice* OH-0006794)
Stephen C. Sutton (*Pro Hac Vice* OH-0055646)
Richard C. Hubbard (*Pro Hac Vice* OH-0046836)
Erieview Tower, 20th Floor
1301 East Ninth Street
Cleveland, Ohio 44114
Telephone: 216-696-7600
Facsimile: 216-696-2038

FILED
CLERK, U.S. DISTRICT COURT
DEC 23 2002
CENTRAL DISTRICT OF CA

Priority
Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

Attorneys for Defendants,
DAVID L. DUNN and ATHLETES FIRST, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEINBERG, MOORAD & DUNN, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID L. DUNN, an individual; ATHLETES FIRST, LLC, a Delaware corporation; DAVID C. HUNNEWELL, and individual; CENTURION CAPITAL MANAGEMENT, LLC, a Massachusetts limited liability corporation; PLATINUM EQUITY HOLDINGS, LLC, a Massachusetts limited liability corporation; DONALD HOUSMAN, an individual; B.O.Y.S., an entity of unknown origin; and DOES 1-10, inclusive,<br><br>Defendants. | CV<br>CASE NO. 01-7009 RSWL (RZx)<br><br>[Hon. Ronald S.W. Lew]<br><br>[PROPOSED] ORDER ON DEFENDANTS ATHLETES FIRST, LLC AND DAVID L. DUNN'S MOTIONS FOR SUMMARY JUDGMENT<br><br>Date: August 19, 2002<br>Time: 9:00 a.m.<br>Location: Courtroom 21 |

On August 19, 2002, at 9:00 a.m., this Court heard Defendant Athletes First, LLC ("Athletes First") and David L. Dunn's ("Dunn") Motions for Summary Judgment on all remaining claims raised in Plaintiff Steinberg, Moorad & Dunn, Inc.'s ("SMD") Second Amended Complaint. The Court also heard Defendant Athletes First's Motion for an Order (1) Striking All References to the "Meal Memorandum" in the Pleadings and Documents on File; (2) Preventing the Use of the "Meal Memorandum" and Any Information Gleaned from the Memorandum; (3) Requiring Plaintiff to Return or Destroy All Copies of the Memorandum and All Documents Referring to the Memorandum or Containing Information Gleaned from the Memorandum. Defendants Athletes First and Dunn were represented by Stephen C. Sutton of Duvin, Cahn & Hutton and Plaintiff SMD was represented by Kent Roger and Gregory Genske of Brobeck, Phegler & Harrison.

Having considered the papers submitted in support of and in opposition to the motions, as well as argument of counsel and good cause appearing therefor, it is hereby ordered that:

1. Summary judgment shall be entered for Defendant Athletes First on Plaintiff's Eighth Claim for Relief, Misappropriation of Trade Secrets, and Seventeenth Cause of Action for Aiding and Abetting a Breach of Fiduciary Duty. No genuine issue of material fact exists with respect to these claims and Defendant Athletes First is entitled to judgment as a matter of law.

2. Athletes First's Motion for Summary Judgment is denied on all other claims raised against it: (A) Third Claim for Relief (Lanham Act, 15 U.S.C. § 1725(a)); (B) Fourth Claim for Relief (Declaratory Judgment); (C) Seventh Claim for Relief (Unfair Competition); (D) Ninth Claim for Relief (Intentional Interference with Contract); (E) Tenth

1

Claim for Relief (Intentional Interference with Prospective Economic Advantage); (F) Twelfth Claim for Relief (Accounting); (G) Thirteenth Claim for Relief (Cal. Bus. & Prof. Code Section 17500); (H) Fourteenth Claim for Relief (Conspiracy); (I) Fifteenth Claim for Relief (Unjust Enrichment); and (J) Sixteenth Claim for Relief (Constructive Trust). The Court finds that a genuine issue of fact remains for trial on these claims.

3. Summary judgment shall be entered for Defendant David L. Dunn on Plaintiff's Sixth Claim for Relief (Fraud); Eighth Claim for Relief (Misappropriation of Trade Secrets); and Eleventh Claim for Relief (Breach of Fiduciary Duty). No genuine issue of material fact exists with respect to these claims and Defendant Dunn is entitled to judgment as a matter of law.

4. Dunn's motion for summary judgment is denied as to all other counts raised against him: (A) Third Claim for Relief (Lanham Act, 15 U.S.C. § 1725(a)); (B) Fourth Claim for Relief (Declaratory Judgment); (C) Fifth Claim for Relief (Breach of Contract); (D) Seventh Claim for Relief (Unfair Competition); (E) Ninth Claim for Relief (Intentional Interference with Contract); (F) Tenth Claim for Relief (Intentional Interference with Prospective Economic Advantage); (G) Twelfth Claim for Relief (Accounting); (H) Thirteenth Claim for Relief (Cal. Bus. & Prof. Code Section 17500); (I) Fourteenth Claim for Relief (Conspiracy); (J) Fifteenth Claim for Relief (Unjust Enrichment); and (K) Sixteenth Claim for Relief

(Constructive Trust). The Court finds that a genuine issue of fact remains for trial on these claims.

5. Athletes First's Motion for an Order (1) Striking All References to the "Meal Memorandum" in the Pleadings and Documents on File; (2) Preventing the Use of the "Meal Memorandum" and Any Information Gleaned from the Memorandum; (3) Requiring Plaintiff to Return or Destroy All Copies of the Memorandum and All Documents Referring to the Memorandum or Containing Information Gleaned from the Memorandum is denied.

IT IS SO ORDERED.

Dated: 12-23, 2002

RONALD S.W. LEW

THE HONORABLE RONALD S.W. LEW
United States District Court Judge

Presented By:
Duvin, Cahn & Hutton

Stephen C. Sutton
Attorney for Defendants
ATHLETES FIRST, LLC &
DAVID L. DUNN

3